UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DENNIS MALONE | CIVIL ACTION NO. 22-cv-5395 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| MANITOBA PUBLIC INSURANCE CO, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Dennis Malone ("Plaintiff") filed this civil action based on an assertion of diversity jurisdiction. Plaintiff, a citizen of Alabama, alleges that he was in an accident caused by Rene St. Hilaire, a citizen of Canada. Also named as defendants are Manitoba Public Insurance Company and New Hope Transport Ltd. The complaint suggests that Manitoba and New Hope may be Canadian companies. Additional information about those two defendants is needed to ensure the existence of diversity jurisdiction.

A corporation is a citizen of its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1); <u>Hertz Corp. v. Friend</u>, 559 U.S. 77 (2010). For other forms of business entities (LLCs, partnerships, etc.), diversity depends on the citizenship of all of the entity's members. <u>Harvey v. Grey Wolf Drilling Co.</u>, 542 F.3d 1077 (5th Cir. 2008); <u>Four W Trucking, LLC v. Nguyen</u>, No. 22-CV-181, 2022 WL 243711 (W.D. La. 2022). The citizenship analysis is complicated when foreign companies are involved because business forms in other countries are not always the same as those in the United States. In the Fifth Circuit, the court looks to whether the entities are corporations or juridical entities under Canadian law, in which case standard allegations of place of

incorporation/organization and principal place of business are sufficient. But if the entity is more akin to an unincorporated association, its citizenship must be alleged based on the rules set forth in cases such as <u>Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp</u>, 2018 WL 3551525 (W.D. La. 2018). The rules regarding diversity jurisdiction and foreign entities can be found in <u>Stiftung v. Plains Mktg., L.P.</u>, 603 F.3d 295 (5th Cir. 2010) and Elisabeth C. Butler, <u>Diversity Jurisdiction and Juridical Persons: Determining the Citizenship of Foreign-Country Business Entities</u>, 97 Tex. L. Rev. 193 (2018).

The court recognizes that Plaintiff may not have all of the necessary information about Manitoba and New Hope to provide the correct citizenship information. Accordingly, **Manitoba and New Hope are ordered to include in their answer or other initial filing specific allegations as to whether they are corporations or other juridical entities under Canadian law and provide the necessary citizenship allegations required by the rules discussed above**.

Effective December 1, 2022, Federal Rule of Civil Procedure 7.1 will require all parties in diversity cases to file a disclosure statement at the time of their first appearance and identify the citizenship of every individual or entity whose citizenship is attributed to the party. This court has always required such information be specified in the record to ascertain jurisdiction, and that policy will soon be mandated by rule.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of October, 2022.

*Mark L. Hornsby*
U.S. Magistrate Judge